UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANACLETO APOLINAR, on behalf of himself and all
Other persons similarly situated,

                             Plaintiff,

      -against-

TAQUERIA SAINT MARKS PLACE INC.,
PHILLIP BARRAZA and ANDREA BARRAZA,

                           Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

FLSA Collective Action
Rule 23 Class Action

Plaintiff, ANACLETO APOLINAR ("Plaintiff"), by and through his attorneys, the Romero Law Group PLLC, on behalf of himself and all other persons similarly situated, complaining of the Defendants, TAQUERIA SAINT MARKS PLACE INC., PHILLIP BARRAZA and ANDREA BARRAZA (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      Defendants are engaged in the restaurant business. Plaintiff performed non-exempt work for the Defendants.  Plaintiff regularly worked more than 40 hours in a work week but was not paid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., ("FLSA").

2.      Plaintiff brings this action under the FLSA on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

3.      Plaintiff also brings this action to recover unpaid overtime wages New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("NYLL").

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. Defendants do business in the State of New York, within the Southern District of New York.

## PARTIES

7.      Defendant, TAQUERIA SAINT MARKS PLACE INC. ("TSM"), is a domestic corporation that operates a restaurant located at 79 St. Mark's Place, New York, New York.

8.      At all times relevant, Defendants are engaged in the restaurant business and are an "enterprise engaged in commerce" within the meaning of the FLSA in that they (1) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) have and have had annual gross volume of sales of not less than $500,000.00.

9.      At all times relevant, Defendants have "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

10.     Defendants' restaurant requires a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

11.     At all relevant times, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

12.     Plaintiff's duties included preparing and cooking food and washing dishes.  In performing his duties, Plaintiff handled or worked with goods, such as fruit, grains, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils, and cleaners and solvents which undoubtedly moved in interstate commerce.

13.     At all times relevant, Defendants were and still are an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

14.     At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. §203.  At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL § 190(3).

15.     At all relevant times, Defendant, PHILLIP BARRAZA, was a shareholder and/or officer of TSM, had authority to make payroll and personnel decisions for TSM, and was active in the day-to-day management of TSM, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.  Defendant is liable to Plaintiff as an "employer" for the unpaid wages Plaintiff seeks to recover.

16.     At all relevant times, Defendant, ANDREA BARRAZA, was a shareholder and/or officer of TSM, had authority to make payroll and personnel decisions for TSM, and was active in the day-to-day management of TSM, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.  Defendant is liable to Plaintiff as an "employer" for the unpaid wages Plaintiff seeks to recover.

## STATEMENT OF FACTS

17.     Plaintiff was employed by Defendants as a cook from in or about October 2022 through in or about February 2024.

18.     Plaintiff performed non-exempt duties for the Defendants including preparing food and cooking.  Plaintiff did not plan and/or design the menus for TSM, did not have authority to hire and/or fire employees, did not set the schedule or wages of employees, and did not supervise employees.

19.     Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours in a workweek.  Plaintiff regularly worked six days each workweek.  Plaintiff's regular day off was Tuesday.  Plaintiff regularly worked from 9:00 a.m. until 9:00 p.m. on Monday, Wednesday and Thursday, and from 5:00 p.m. until 1:00 a.m. on Friday, Saturday and Sunday.

20.     Defendants failed to pay Plaintiff overtime for hours worked after 40 hours per week at the rate of one and one-half times Plaintiff's regular rate of pay.  Instead, Defendants paid Plaintiff for all hours worked each workweek at his regular rate, which ranged from $15 at the start of his employment, to $17 at the time that Plaintiff's employment with Defendants terminated, in combination of check and cash.

21.      Throughout his employment with Defendants, Plaintiff regularly worked more than 10 hours in a single day.

22.     Defendants failed to pay Plaintiff spread-of-hours pay for each day in which their spread of hours exceeded 10 hours in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-1.6.

23.     Defendants failed to provide Plaintiff upon hire with an accurate written notice of his rate of pay and other information in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.2 and NYLL § 195.

24.      Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked,

and the number of overtime hours worked in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.3 and NYLL § 195(3).

25.    Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the NYLL, N.Y. Comp. Codes R. & Regs. 12 § 146-2.4.

## COLLECTIVE ACTION ALLEGATIONS

26.    At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

27.    Plaintiff also brings FLSA claims on behalf of himself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who worked in the kitchen and performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, cleaning and/or maintaining the premises, at any time during the three (3) years prior to the filing of their respective consent forms.

28.    Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

29.    Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all persons who are currently, or have been, employed by the Defendants in non-exempt positions including, but not limited to, back-of-the house kitchen workers, cooks, line

cooks, food preparers, dishwashers, porters and maintenance workers as at any time during the three (3) years prior to the filing of their respective consent forms.

30.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

31     Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants in non-exempt positions as at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

32.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under F.R.C.P. Rule 23.

33.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint.

34.     Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

35.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(i)     whether Defendants failed and/or refused to pay the Plaintiff and Class Members the overtime wages for hours worked in excess of forty hours in a single workweek;

(ii)    whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay when they worked more than ten hours in a single workday;

(iii)   whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

(iv)    whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(v)     whether Defendants failed to provide Plaintiff and Class Members with a wage notice upon hire, as required by law;

(vi)    whether Defendants failed to furnish the Plaintiff and Class members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

(vii)    whether Defendant's general practice of failing and/or refusing to pay Plaintiff and Class overtime and spread-of-hours pay was done willfully and/or with reckless disregard of the state wage and hour laws; and

(viii)    what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

36.    Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendants failed to issue a wage notice, failed to pay spread-of-hours pay, and failed to maintain required and accurate records of the hours worked by Plaintiffs and the Class.

37.    Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

38.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

39.    Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

40.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

41.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

42.     The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

43.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT: OVERTIME WAGES**

44.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

9

45.     Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

46.     Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

47.     Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

48.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49.     Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate him for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular rate in violation of NYLL.

50.     By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the NYLL Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

51.     Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW: SPREAD OF HOURS

52.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

53.     Defendants willfully failed to pay Plaintiff one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-1.6 and NYLL.

54.     Plaintiff is entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE NOTICE

55.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

56.     Defendants failed to provide Plaintiff upon hire with an accurate written of his rate of pay and other information in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.2 and Section 195 of the NYLL.

57.     Plaintiff is entitled to recover statutory damages from Defendants.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE STATEMENTS

58.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

59.     Defendants failed to furnish Plaintiff with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.3 and NYLL § 195(3).

60.    Plaintiff is entitled to recover statutory damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i)    Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(ii)    Certification of this case as a collective action under 29 U.S.C. § 216(b);

(iii)    Certification of this case as a class action, designation of Plaintiff as class representative and Plaintiff's counsel as class counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv)    Unpaid overtime wages, spread of hours pay and statutory damages pursuant to NYLL 198(1-a) and pre- and post-Judgment interest;

(v)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL;

(vi)    All attorneys' fees and costs incurred in prosecuting these claims; and

(vii)    Such other relief as this Court deems just and proper.

Dated:  Hauppauge, New York
    July 13, 2024

ROMERO LAW GROUP PLLC

*/s/ Peter A. Romero*

By:    _____
    Peter A. Romero, Esq.
    490 Wheeler Road, Suite 277
    Hauppauge, New York 11788
    Tel. (631) 257-5588
    promero@romerolawny.com

*Attorneys for Plaintiffs*