UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANACLETO APOLINAR, on behalf of himself and all
other persons similarly situated,

                                                                                         Docket No.: 24-cv-05304 (JGK)

                                          Plaintiff,

    -against-

TAQUERIA SAINT MARKS PLACE INC.,
PHILLIP BARRAZA and ANDREA BARRAZA,

                                          Defendants.
-----------------------------------------------------------------X

**DECLARATION OF DAVID D. BARNHORN, ESQ. IN SUPPORT OF MOTION OF THE ROMERO LAW GROUP PLLC TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF WITH LEGAL AUTHORITY**

      Pursuant to 28 U.S.C. § 1746, David D. Barnhorn, Esq., hereby declares as follows:

      1.     I am an associate with the Romero Law Group PLLC (the "Firm"), and am an attorney admitted to the Bar of this Court. This firm represents Plaintiff Anacleto Apolinar in this action against Defendants Taqueria Saint Marks Place Inc., Phillip Barraza and Andrea Barraza.

      1.     As counsel for Plaintiff, I am familiar with the facts and circumstances discussed herein based upon the files maintained by this office.

      2.     I submit this declaration in support of the Firm's motion to withdraw as counsel of record for Plaintiff.

**FACTUAL BACKGROUND**

      3.     On July 13, 2024, Plaintiff filed an action alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Defendant. D.E. 1.

      4.     Prior to filing this motion, the Romero Law Group PLLC has made repeated efforts over the course of several months to contact Plaintiff by, *inter alia*, telephone, WhatsApp

messages, emails and letters requesting that Plaintiff contact this Firm. The Firm has not received a response to these communications.

5. Of these communications, on December 4, 2024 and December 23, 2024, this Firm mailed final warning letters to Plaintiff, which are annexed as Exhibit A. The December 23, 2024 letter was also sent by WhatsApp. These letters warned Plaintiff that this Firm would file this motion for leave to withdraw as his counsel of record if he did not contact this Firm promptly. The Firm did not receive a response.

6. As of this writing, Plaintiff has failed to respond to this Firm's final warnings or any of counsel's attempts to communicate with him for several months. Indeed, Plaintiff has ceased all communications with the Romero Law Group PLLC for several months.

7. Accordingly, due to his months-long failure or refusal to communicate, the Firm is now forced to file this motion to withdraw as counsel of record for Plaintiff.

## ARGUMENT

8. Local Rule 1.4 of this District provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

9. The Rules of Professional Conduct allow a lawyer to "withdraw from representing a client when . . . the client . . . renders it unreasonably difficult for the lawyer to carry out employment effectively." NY ST RPC Rule 1.16(c)(7); *see Jackson v. Lowe's Companies, Inc.*, 2016 WL 6155937, at *2 (E.D.N.Y. Oct. 21, 2016) (citing *United States v. Lawrence Aviation*

*Indus.*, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011)) ("[i]n this District, [i]t is well settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively.").

10. It is well settled that the failure of a client to cooperate with counsel in the prosecution or defense of an action and failure to communicate with counsel are satisfactory reasons permitting an attorney to be released from the obligation of continuing to represent the attorney's client. *See Jackson*, 2016 WL 6155937, at *2 (granting motion for leave to withdraw as counsel because "Plaintiff has totally ceased to cooperate or communicate with his attorneys, despite multiple attempts on their part to do so."); *Batres v. Valente Landscaping Inc.*, 2016 WL 4991595, at *3 (E.D.N.Y. Sept. 15, 2016) (holding that plaintiffs' failure to communicate with counsel was sufficient to establish good cause to relieve counsel); *Naguib v. Public Health Solutions*, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (granting motion to withdraw as counsel because client refused to communicate with counsel); *Koon Chun King Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co., Inc.*, 2009 WL 605786, at *2-3 (E.D.N.Y. March 9, 2009) (granting counsel's motion to withdraw because client "has cut off all communication with his attorney, leaving her unequipped to represent his interests.").

11. Here, after numerous requests for Plaintiff to communicate with this Firm and two final warnings that this Firm would file this motion to be relieved as his counsel of record if he failed to contact the Firm, Plaintiff remains unreachable. Clearly, Plaintiff has repeatedly failed to cooperate with the Firm for several months, giving this Firm grounds to withdraw as his attorneys.

12. By way of example, due to Plaintiff's failure to respond to our communications, this Firm has been unable to contact Plaintiff to advise him on the status of this litigation, to

3

participate in the Court's mediation program, to participate in discovery, and to appear for deposition.

      13.    This matter is still within the discovery phase and trial is not yet scheduled.

      14.    The Firm is not asserting a charging or retaining lien.

      15.    For the foregoing reasons, the Firm respectfully requests that the Court grant this motion to withdraw as counsel of record for Plaintiff in this matter.

Dated: Hauppauge, New York
       January 29, 2025

                              ROMERO LAW GROUP PLLC
                              *Attorneys for Plaintiff*
                              490 Wheeler Road, Suite 277
                              Hauppauge, New York 11788
                              Tel.: (631) 257-5588

              By:    _____
                              DAVID D. BARNHORN, ESQ.
                              PETER A. ROMERO, ESQ.